UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: ALEXANDER V. BROWN,<br>　　　　　　Debtor.<br><br>ALEXANDER V. BROWN,<br>　　　　　　Appellant,<br><br>v.<br><br>WILLIAM K. HARRINGTON, UNITED STATES TRUSTEE, REGION 1,<br>　　　　　　Appellee. | Civil Action No. 21-11284-GAO<br><br>(Chapter 11 Case No. 11-12265-FJB) |

OPINION AND ORDER
April 22, 2022

O'TOOLE, D.J.

    This case presents an appeal from an order of the bankruptcy court dismissing the debtor's Chapter 11 case. The debtor, Alexander Brown, claims that the bankruptcy court erred in dismissing his case after he failed to discharge his obligations under his sixth debt reorganization plan ("the Plan"). For the reasons detailed below, the judgment of the bankruptcy court is affirmed.

**I.**　**Background**

    The debtor filed his bankruptcy petition in March 2011. In September 2014, the bankruptcy court confirmed the Plan, which provided for the restructuring of mortgage debt and the payment of tax debts over thirty-six months. The Plan imposed several duties on the debtor, including: 1) paying quarterly fees to the United States Trustee, as required by 28 U.S.C. § 1930(a)(6), "until [his] case is closed or dismissed"; and 2) providing the Trustee with quarterly reports detailing payments to creditors "so long as the case is open." (Appellee's App. at 67 (dkt. no. 12-3)).

In August 2016, the bankruptcy court administratively closed the case. Over the next two years, the case was reopened, reclosed, and reopened again, all at the debtor's request. The case has remained open since the second reopening in September 2018. The debtor moved to reclose the case in December 2020, but the bankruptcy court demurred. After a court-ordered accounting of the debtor's payment history revealed repeated violations of the Plan, the Trustee moved to dismiss the case for cause under 11 U.S.C. § 1112(b).

The bankruptcy court found that the debtor had failed to pay quarterly fees to the Trustee—as required by 28 U.S.C. § 1930—in eighteen quarters since the Plan was confirmed, and that he had failed to send quarterly disbursement reports to the Trustee—as required by the Plan—in twenty-one quarters since the Plan was confirmed. The court concluded that those violations constituted cause for dismissal under § 1112(b)(4)(K) (failure to pay fees) and § 1112(b)(4)(E) (failure to obey an order of the court), respectively. The court granted the motion to dismiss, and the debtor appealed.

## II.     Standard of Review

A district court reviews a bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. Palmacci v. Umpierrez, 121 F.3d 781, 785 (1st Cir. 1997). To survive clear error review, a factual finding must be "plausible in light of the record viewed in its entirety." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 574 (1985). Dismissal of a bankruptcy case under § 1112(b) is reviewed for abuse of discretion. In re Abijoe Realty Corp., 943 F.2d 121, 128 (1st Cir. 1991). Dismissal for cause is an abuse of discretion only if the bankruptcy court "does not apply the correct law" or "rests its decision on a clearly erroneous finding of material fact." In re Andover Covered Bridge, LLC, 553 B.R. 162, 171 (B.A.P. 1st Cir. 2016).

**III.** **Discussion**

The debtor makes two arguments on appeal: 1) that the bankruptcy court lacked jurisdiction to grant the motion to dismiss because the motion was filed after the Plan was confirmed; and 2) that, even if jurisdiction was proper, the court erred in dismissing his case because his case was not "open" for the purposes of § 1112(b). Neither argument is persuasive.

A.      The Jurisdiction of the Bankruptcy Court

28 U.S.C. § 1334 "establishes two main categories of bankruptcy matters over which the district courts have jurisdiction." Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661 (1st Cir. 2017). The first category—"cases under title 11" of the Bankruptcy Code—"refers only to the bankruptcy petition itself." Id. The second category includes "proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The latter category contains three distinct grants of authority. Proceedings "arising under title 11" are causes of action created by the Bankruptcy Code. Quincy Med. Ctr., 858 F.3d at 662. Proceedings "arising in" title 11 cases are not created by title 11, but nonetheless "would have no existence outside of bankruptcy." Id. at 662–63. Proceedings "related to" title 11 are those that might potentially affect the bankruptcy estate or impact the debtor's rights or liabilities, but that are not born of the bankruptcy case. Id. at 663.

Additionally, whether a bankruptcy court may issue a final order in a proceeding turns on whether that proceeding is "core" or "non-core." Final orders are only permitted in "core" proceedings. Id. at 662 n.5. Both "arising under" proceedings and "arising in" proceedings are "core," while "related to" proceedings are "non-core." Id. Thus, a bankruptcy court may only enter a final, appealable order—such as an order dismissing a case under § 1112(b)—if the matter before

3

it is "arising under title 11" or "arising in" a title 11 case. Id. A bankruptcy court may not enter a final order in a proceeding that is merely "related to" a title 11 case. Id.

The debtor argues that the motion to dismiss is at best "related to" title 11 because the Trustee could have sued him for breach of contract in state court, and that the bankruptcy court therefore lacked jurisdiction to issue a final order. He also claims that the confirmation of the Plan in September 2014 "attenuated" the bankruptcy court's "related to" jurisdiction, putting all subsequent matters in his case beyond the court's reach entirely. He is wrong on both fronts.

Dismissal under § 1112(b) is a remedy created by statute that could not exist outside of bankruptcy. It falls under the court's "arising under" and "arising in" jurisdiction—not its "related to" jurisdiction—and presents a core bankruptcy issue. See, e.g., In re Israel Sand, LLC, 569 B.R. 433, 437–38 (Bankr. S.D. Tex. 2017) (holding that § 1112(b) dismissal "is a core proceeding . . . because a dismissal of a case necessarily affects the administration of the bankruptcy estate"); In re Charles St. Afr. Methodist Episcopal Church of Bos., 499 B.R. 66, 99 (Bankr. D. Mass. 2013) (holding that all matters related to plan confirmation and enforcement are core); see also Quincy Med. Ctr., 858 F.3d at 662–63 (noting that "arising under" jurisdiction covers matters created by the Bankruptcy Code, while "arising in" jurisdiction covers matters that would not exist outside of bankruptcy). The bankruptcy court properly exercised jurisdiction over the motion to dismiss.

Notably, the debtor's claim of post-confirmation attenuation would fail even if the Trustee's motion did not "aris[e] under title 11" or "aris[e] in" a title 11 case. The debtor relies on In re Boston Regional Medical Center, Inc., in which the First Circuit noted that "courts sometimes have found a need to curtail the reach of related to jurisdiction in the post-confirmation context . . . ." 410 F.3d 100, 106 (1st Cir. 2005). The court, however, held that jurisdiction had not been attenuated in that case, and it expressly rejected the broad rule advocated by the debtor here. Id.

4

("The solution, however, is not to discard the baby with the bath water. While courts have interpreted the term 'related to' more grudgingly in some post-confirmation settings, context is important . . . . No case has suggested that courts should abandon the general rule in all post-confirmation cases."). Boston Regional merely evinces a practical recognition that "once confirmation has occurred, fewer proceedings are actually related to the underlying bankruptcy case." Id. In other words, some matters that qualify for "related to" jurisdiction pre-confirmation might no longer qualify post-confirmation, but the authority for "related to" jurisdiction never disappears. Id. A motion is not necessarily beyond a bankruptcy court's jurisdiction simply because it was filed after the confirmation of the latest reorganization plan.

Matters affecting "the interpretation, implementation, consummation, execution, or administration of the plan" remain in the bankruptcy court's jurisdiction post-confirmation. In re Resorts Int'l, Inc., 372 F.3d 154, 167 (3d Cir. 2004); see also In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005) (holding that matters affecting "the implementation and execution of the Plan" fall under the court's post-confirmation jurisdiction); In re Craig's Stores of Tex., Inc., 266 F.3d 388, 390 (5th Cir. 2001) (holding that jurisdiction attenuates post-confirmation "other than for matters pertaining to the implementation or execution of the plan"). The motion at issue in this case—which concerns the debtor's fulfillment of his responsibilities under the Plan—clearly falls into that category. The Trustee's motion fell within the bankruptcy court's jurisdiction, however you slice it.

    B.    Cause for Dismissal

Section 1112(b)(1) provides that a bankruptcy court "shall convert a case under [Chapter 11] to a case under Chapter 7 or dismiss a case under [Chapter 11] . . . for cause" if a debtor commits certain acts. 11 U.S.C. § 1112(b)(1). Section 1112(b)(4) lists the acts that constitute

"cause" for dismissal or conversion, including "failure to comply with an order of the court," id. § 1112(b)(4)(E), and "failure to pay any fees or charges required under [28 U.S.C. § 1930]," id. § 1112(b)(4)(K). The bankruptcy court dismissed the debtor's case under (b)(4)(K) for failure to pay fees, and under (b)(4)(E) for failure to obey the court's order to file disbursement reports with the Trustee. The debtor claims that he was not bound by those requirements—which applied as long as his case was "open"—because his case was closed and later *reopened* before it was ultimately dismissed. He is wrong.

    i.  *Failure to Pay Fees*

When the Plan was confirmed in 2014, 28 U.S.C. § 1930 required payment of quarterly fees to the Trustee "in each case . . . until the case is converted or dismissed." 28 U.S.C. § 1930(a)(6)(A). As of January 1, 2021, § 1930 was amended to require fees in "each *open and reopened* case . . . until the case is closed, converted, or dismissed." Id. § 1930(a)(6)(B)(i) (emphasis added). The debtor argues that Congress' decision to add the words "open and reopened" to § 1930 shows that the prior version applied only to "open" cases, and not to "reopened" cases like his. He therefore argues that dismissal was improper because he was not required to pay fees.

The bankruptcy court rightly held that the debtor's obligation to pay fees extended to all quarters in which his case was open, regardless of whether it had been closed and reopened. Section 1930 applies broadly; it only excludes cases with "no open docket in which to assess the fees." In re CF & I Fabricators of Utah, Inc., 150 F.3d 1233, 1237 (10th Cir. 1998). As a result, "[u]pon the reopening of the case, the debtor is again responsible for the payment of quarterly fees because, pursuant to § 1930(a)(6), quarterly fees are required 'in each case under chapter 11,' and a reopened case is, in fact, a case under Chapter 11." In re Barbetta, LLC, No. 1-04370-8-SWH,

6

2014 WL 3638853, at *4–5 (Bankr. E.D.N.C. July 23, 2014) (internal citation omitted); see In re Chandni, LLC, 570 B.R. 530, 532 (Bankr. W.D. La. July 13, 2017) ("[O]nce re-opened, a case is 'live' in all respects. The parties are free to seek relief from the court and, more importantly for the purposes of section 1930(a)(6), the U.S. Trustee is required to exercise its statutory duties with respect to the case."). Put simply, failure to pay quarterly fees in a reopened case constitutes cause for dismissal. Chandni 570 B.R. at 532 ("[Q]uarterly fees were due to the U.S. Trustee under section 1930(a)(6) once the case was re-opened. The debtor has failed to pay those fees. Failure to pay the quarterly U.S. Trustee's fee is a ground to convert or dismiss the case under § 1112(b)(4)(K).").

Because § 1930 applies to the debtor's reopened case, the case is subject to dismissal under § 1112(b)(4)(K). The debtor failed to pay fees in eighteen quarters between the third quarter of 2012 and the first quarter of 2021. He conceded his non-payment below, and he does not dispute it on appeal. The court's factual finding that the debtor missed payments was not clearly erroneous, and dismissal on that ground was not an abuse of discretion.

        *ii.*    *Failure to Comply with an Order of the Court*

The Plan states: "After confirmation, the Debtor will serve the United States Trustee with a quarterly disbursement report for each quarter (or portion thereof) so long as the case is open." (Appellee's App. at 67). The bankruptcy court read that language as an order to serve reports that applied after the case was reopened. The debtor does not dispute that the Plan contained an order to serve reports. Instead, he reprises his argument that his case was not actually "open," and he claims that the order therefore did not apply to him. Again, however, the debtor cannot support his proposed distinction between "open" and "reopened" cases. As noted above, "once reopened, a case is 'live' in all respects"; violations committed in reopened cases can qualify as cause for

7

dismissal under § 1112(b). Chandni, 570 B.R. at 532 (dismissing a reopened case under § 1112(b)(4)(K) for nonpayment of fees); see Barbetta, 2014 WL 3638853, at *4–5.

As a result, the case is subject to dismissal under § 1112(b)(4)(E). The debtor failed to serve reports on the Trustee—as ordered by the court in the Plan—in twenty-one quarters between the third quarter of 2012 and the first quarter of 2021. He conceded his non-compliance below and does not dispute it on appeal. The bankruptcy court's finding that the debtor failed to comply with the order was not clearly erroneous, and dismissal on that ground was not an abuse of discretion.

### C.  Unusual Circumstances

Once the court finds cause for dismissal under § 1112(b), a debtor can only avoid dismissal by: 1) identifying "unusual circumstances" that counsel against dismissal; 2) demonstrating that a new plan can be confirmed quickly; and 3) showing that any grounds for dismissal or conversion are justified and curable. 11 U.S.C. §§ 1112(b)(1)–(2). The debtor has not proffered evidence of any factors counseling against dismissal, nor has he addressed the feasibility of a new plan or the curability of the grounds for dismissal. See Andover, 553 B.R. at 172.

### IV.  Conclusion

The bankruptcy court, acting within its statutory jurisdiction, properly dismissed the debtor's case for cause under § 1112(b). For the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge